Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Hezekiah Adams, an individual; Rebekah Adams, an individual; and, Noah Adams, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>City of Lake Havasu, a governmental entity; Chad T. Graybeal and Jane Doe Graybeal, a married couple; Julio Flores and Jane Doe Flores, a married couple; Joshua R. Condra and Jane Doe Condra, a married couple; Clint Wilcox and Jane Doe Wilcox, a married couple; Danielle Banuelos and John Doe Banuelos, a married couple; Corporal Dana Peterson and Jane Doe Peterson, a married couple; Cameron Hollis and Jane Doe Hollis, a married couple; Aaron Phoenix and Jane Doe Phoenix, a married couple; Preston Pearce and Jane Doe Pearce, a married couple, and; John and Jane Does I-X,<br><br>Defendants. | No.: CV-24-08112-PCT-MTL (ESW)<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND TIME FOR SERVICE**<br><br>(Assigned to the Honorable Michael T. Liburdi and referred to the Honorable Eileen S. Willett for all pretrial proceedings) |

Through undersigned counsel and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs David Hezekiah Adams, Rebekah Adams, and Noah Adams (collectively, "Plaintiffs") respectfully move that the Court extend the time within which Defendants may be served with process until up to and including fourteen (14) days from

the entry of an order granting this Motion, all in accordance with the [Proposed] Order attached to and filed concurrently herewith.  Defendants do not oppose such an extension.  Good cause exists to support a mandatory extension.  And even in the absence of good cause, each of the factors applicable for a discretionary extension are also present.  This Motion is supported by the relevant parts of the record and the Memorandum of Points and Authorities that follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      RELEVANT BACKGROUND FACTS**

Plaintiffs filed this lawsuit on June 7, 2024.  Pls.' Compl., ECF No. 1.  Under Rule 4(m), Plaintiffs thus had ninety (90) days, or up to and including September 5, 2024, within which to serve Defendants. Fed. R. Civ. P. 4(m).

Defendant City of Lake Havasu was served on August 14, 2024.  Aff. Service at 3, ECF No. 6.  Plaintiffs then turned their attention to serving Defendant Joshua Condra ("Defendant Condra").  Plaintiffs' process server made multiple attempts to serve Defendant Condra – first at the Lake Havasu Police Department, where he learned that Defendant Condra now works for the Mohave County Sheriff's Office, then at the Sheriff's Office, and then as many as seven (7) times at his residence, where he continually refused to answer the door.  Email thread attached as "**Exhibit 1**" hereto, at 1.  On the last attempt, the process server encountered Defendant Condra in his car on his driveway.  *See **id.*** The process server offered him the service documents, but instead of accepting them he sped away in his vehicle.  ***Id.*** The process server then left the service documents on the doorstep.  ***Id.***

On August 26, 2024, shortly after that last encounter, Plaintiffs' counsel received an email from attorney Jim Jellison, who advised that he was "authorized to execute a waiver and acceptance of service on behalf of [Defendant] Condra." **Ex. 1** at 2. In a later email that same day, Jellison confirmed that he would be representing all Defendants. *See* **Ex. 1** at 1. Upon receiving these emails, Plaintiffs' counsel mistakenly but understandably assumed that Defendants' counsel was offering to waive service for all remaining unserved Defendants. *See* email thread attached as "**Exhibit 2**" hereto, at 1. Accordingly, Plaintiffs' counsel then "called off [his] process server" from any further efforts to serve the remaining unserved Defendants and offered to send waivers of service for those Defendants to Defendants' counsel. *See* **Ex. 2** at 1. On August 28, 2024, his paralegal sent over those waivers of service. *Id.*

On September 3, 2024, two (2) days before the service deadline, Defendants' counsel emailed Plaintiffs' counsel, stating that "there was a miscommunication about the service issue" and clarifying that he was only offering to waive service for Defendant Condra, not all remaining unserved Defendants. *See* email attached as "**Exhibit 3**" hereto.

Though Plaintiffs contend that their process server's last encounter with Defendant Condra amounted to personal service under the Rules, in an effort to put to rest any lingering issues with that service, they ultimately agreed to Defendants' counsel's offer to waive service for him. Defendants' counsel also agreed to waive service for Defendant Chad T. Graybeal. He signed waivers of service for Defendant Condra and Defendant Chad T. Graybeal on September 4, 2024, one (1) day before the service deadline. Waivers of Service, ECF Nos. 7-8.

Even after the service deadline passed, Defendants' counsel agreed to, and did, also sign waivers for Defendants Cameron Hollis and Aaron Phoenix. Waivers of Service, ECF Nos. 9, 12. On September 25, 2024, Plaintiffs' counsel's paralegal emailed Defendants' counsel's paralegal to ask about the status of any additional waivers for the remaining Defendants. *See* email thread attached as "**Exhibit 4**" hereto, at 2. Defendants' counsel's paralegal responded that no other remaining unserved Defendant would be waiving service. *See* **Ex. 4** at 1. She also confirmed that Defendants were not opposed to an extension request of as many as twenty-one (21) days. *See **id.***

## II.   LEGAL ARGUMENT

Accordingly, at present the following Defendants have neither been served nor waived service: Julio Flores, Clint Wilcox, Danielle Banuelos, Corporal Dana Peterson, and Preston Pearce (collectively, the "Unserved Defendants"). Additionally, Defendants Cameron Hollis and Aaron Phoenix waived service, but did so after the expiration of the September 5, 2024 service deadline. Consequently, an extension sufficient to accommodate service (or waiver) for all of the above individuals is necessary.

"Rule 4(m) of the Federal Rules of Civil Procedure provides that 'if the plaintiff shows good cause for the failure [to serve], the court ***must*** extend the time for service for an appropriate period.'" *MLB Sales Inc. v. Rk Gems LLC*, No. CV-23-01526-PHX-DWL, at *3 (D. Ariz. Nov. 30, 2023) (emphasis added) (quoting Fed. R. Civ. P. 4(m)). Here, good cause exists to extend the time for service for an additional fourteen (14) days following entry of the order of extension.

4

As set forth in detail in **§ I**, *supra*, during August, 2024 Plaintiffs served the City of Lake Havasu and Defendant Condra, and were in the process of serving the remaining Defendants, when they received the emails from Defendants' counsel regarding waiver and confirming his representation of all Defendants that Plaintiffs' counsel mistakenly but understandably misinterpreted as an offer to waive for all Defendants. Because of those communications, Plaintiffs called off their process server and focused on obtaining waivers for the remainder of the service period. Defendants' counsel signed waivers for Defendant Condra and Defendant Chad Graybeal within the service period, and for Defendants Cameron Hollis and Aaron Phoenix shortly after the service period expired. Finally, Defendants' counsel do not oppose an extension request of as many as twenty-one (21) days, though Plaintiffs respectfully submit that an additional fourteen (14) days is all that is required. Because good cause exists for an extension, it is mandatory.

Nevertheless, even if good cause to extend the deadline does not exist, and it certainly does, "District courts also have '***broad***' . . . discretion to extend the service deadline '***even in the absence of good cause***.'" *MLB Sales*, No. CV-23-01526-PHX-DWL, at *3 (emphasis added) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)); *Arellano v. San Luis*, No. CV-16-03423-PHX-DGC, at *7 (D. Ariz. May 8, 2017) ("[E]ven without a showing of good cause, a district court may utilize its broad discretion to extend the time for service." (quoting *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004))); *see also Dimitrov v. Stavatti Aerospace Ltd.*, No. CV-23-00226-PHX-DJH, at *2 (D. Ariz. Oct. 12, 2023) ("District courts enjoy broad discretion when making

extension decisions under Rule 4(m)." (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001))).

In exercising its considerable discretion to grant an extension request, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). Here, each of those factors supports an extension. First, most of Plaintiffs' claims would likely be barred by the statute of limitations if they had to be filed again. Counts III through IX are state law claims against public officials, *see* Pls.' Compl. ¶¶ 163-239, ECF No. 1, and such claims are subject to a one (1) year limitations period, *see* A.R.S. § 12-821. The conduct of Defendants that gave rise to Plaintiffs' claims occurred on June 7, 2023, *see, e.g.*, Pls.' Compl. ¶ 25, more than one (1) year ago. This factor strongly supports an extension.

Second, Defendants would not be prejudiced by an additional fourteen (14) day service period. Defendants have already confirmed they do not oppose an extension of as many as twenty-one (21) days, *see* **Ex. 4** at 1, let alone fourteen (14). Even if they had not so confirmed, it strains credulity to suppose that fourteen (14) additional days would result in any prejudice. This factor also strongly supports an extension.

Third, all the Unserved Defendants likely had notice of the lawsuit before the expiration of the service period, as Defendants' counsel confirmed prior to said expiration that he was representing every Defendant. **Ex. 1** at 1. This factor also supports an extension.

Finally, with regard to the "eventual service" factor, two Defendants – Cameron Hollis and Aaron Phoenix – waived service after the expiration of the service period. Waivers of Service, ECF Nos. 9, 12. Thus, this factor tilts toward an extension.

### III. CONCLUSION

For all the foregoing reasons, the Court should extend the period within which Defendants may be served with process for an additional fourteen (14) days from the entry of an order granting the extension, in accordance with the [Proposed] Order attached to and submitted concurrently herewith.

**RESPECTFULLY SUBMITTED** this 26th day of September 2024.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorney for Served Defendants*

   */s/ Ben Dangerfield*