1    **JELLISON LAW OFFICES, PLLC**
     18801 North Thompson Peak Parkway
2    Suite D235
     Scottsdale, AZ 85255
3    Telephone: (480) 659-4233
4    E-mail: jim@jellisonlaw.com
     JAMES M. JELLISON, ESQ. #012763
5    *Attorney for Defendant Lake Havasu City, Chad T. Graybeal, Julio Flores, Joshua R. Condra,*
6    *Clint Wilcox, Danielle Banuelos, Dana Peterson, Cameron Hollis, Aaron Phoenix and Preston*
     *Pearce*
7

8                        **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF ARIZONA**
9

10   David Hezekiah Adams, an individual;        | Case No.: 3:24-cv-08112-MTL-ESW
11   Rebekah Adams, an individual; and, Noah
     Adams, an individual,                        **DEFENDANTS' ANSWER TO**
12                                                 **PLAINTIFFS' COMPLAINT**
13                     Plaintiffs,
                                                   **[Jury Trial Demanded]**
14   vs.

15   Lake Havasu City, a governmental entity;
16   Chad T. Graybeal and Jane Doe Graybeal, a
     married couple; Julio Flores and Jane Doe
17   Flores, a married couple; Joshua R. Condra
     and Jan Doe Condra, a married couple; Clint
18   Wilcox and Jane Doe Wilcox, a married
19   couple; Danielle Banuelos and John Doe
     Banuelos, a married couple, Corporal Dana
20   Peterson and Jane Doe Peterson, a married
21   couple; Cameron Hollis and Jane Doe Hollis,
     a married couple, Aaron Phoenix and Jane
22   Doe Phoenix, a married couple, Preston
     Pearce and Jane Doe Pearce, a married
23   couple; and John and Jane Does I-X,
24
                       Defendants.
25

26

                                          1

1   Defendants Lake Havasu City, Chad T. Graybeal, Julio Flores, Joshua R. Condra, Clint

2   Wilcox, Danielle Banuelos, Dana Peterson, Cameron Hollis, Aaron Phoenix and Preston Pearce

3

4   (collectively referred to herein as the "Defendants"), through undersigned counsel, and in

5   response to Plaintiffs' Complaint admit, deny, and allege as follows:

6   1.   As to the allegations contained in Paragraph **33** of the Complaint, Defendants admit

7   each arrived at the scene on or about June 7, 2023 at differing times, and were involved in different

8   aspects of the investigation and incident.   Based on a review of body worn camera footage,

9   Defendants acknowledge the following allegations contained in the following paragraphs of the

10  Complaint are supported by a review of the footage:   **34, 35, 47, 48, 52, 53, 54, 62, 64, 67, 70, 81,**

11  **and 82.**   To the extent the above allegations are based on body worn camera footage, Defendants

12  assert that any observation, statement or other information contained on body worn camera

13  footage must be viewed in the context of each Defendants' body worn camera  footage.  As to the

14  admissions related to paragraphs **81 and 82** of Plaintiff's Complaint, Defendants affirmatively

15  allege that the Taser applications did not stop, or appear to curtail, David Adams' assaultive and

16  resistive actions.

17  2.   Defendants deny the allegations contained in the following paragraphs of Plaintiff's

18  Complaint: **2, 3, 4, 9, 22, 40, 43, 50, 51, 55, 56, 57, 58, 61, 63, 66, 68, 69, 71, 72, 73, 74, 75, 76,**

19  **78, 79, 80, 92, 93, 94, 95, 96, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115,**

20  **116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 130, 131, 132, 133, 134, 135, 136,**

21  **137, 138, 139, 140, 141, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 159, 160, 161,**

22  **162, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 186,**

**187, 188, 189, 190, 191, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 207, 209, 210, 211, 214, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228, 228, 229, 230, 232 233, 234, 235, 236, 237, 238, 239, 241, 242, 243, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 259, 260, 261, 262, 263, 264, and 265.**

3.      Defendants are without sufficient information to admit or deny the allegations contained in the following paragraphs of Plaintiffs' Complaint:  **6, 7, 8, 10, 11, 25, 26, 27, 28, 29, 30, 31, 32, 44, 45, 46, 59, 60, 65, 97, 98, 99,  100, 101, 102, and 129.**  To the extent the allegations are deemed factual, they are denied. To the extent the allegations are legal conclusions, and not statements of fact, such conclusions are subject to neither admission nor denial.

4.      As to the allegations contained in paragraph **12** of Plaintiffs' Complaint, Defendants admit that Lake Havasu City is a municipal entity organized under the laws of the State of Arizona, and deny the remaining allegations contained in paragraph **12**.

5.      As to the allegations contained in paragraphs **13, 14, 15, 16, 17, 18, 19, 20, and 21** of Plaintiffs' Complaint, Defendants admit that the Defendant Officers were employed by Defendant Lake Havasu City at the time of this incident, and deny the remaining allegations contained in paragraphs **13, 14, 15, 16, 17, 18, 19, 20, and 21.**

6.      As to the allegations contained in paragraphs **36, 37, 38, and 39** of Plaintiffs' Complaint, Defendants admit only that Defendant Graybeal made statements regarding a recent encounter involving Plaintiff David Adams, and deny the remaining allegations contained in paragraphs **36, 37, 38, and 39**.

7.      As to the allegations contained in paragraphs **41 and 42** of Plaintiffs' Complaint, Defendants admit only that Zephaniah was interviewed at various points during the encounter, acknowledged an assault committed by Defendant David Adams, admitted to pushing David Adams in the face at some point in the encounter, that David Adams had locked Zephaniah out of the residence, and that Zephaniah wanted law enforcement to trespass and remove David Adams from the residence, and deny the remaining allegations contained in paragraphs **41 and 42**.

8.      As to the allegations contained in paragraph **49** of Plaintiffs' Complaint, certain law enforcement personnel concluded, based on the totality of the circumstances from the investigation, to arrest David Adams.

9.      As to the allegations contained in paragraph **77** of Plaintiffs' Complaint, Defendants admit only that certain law enforcement personnel arrived on scene after the incident involving David Adams.

10.     As to the allegations contained in paragraphs **83, 84, 85, 86, 87, 88, 89, 90, and 91** of Plaintiffs' Complaint, Defendants admit only that a Taser report for Officer Condra's Taser exists and has been produced, but that the interpretation of the report as collectively described in the above paragraphs is not correct.

11.     As to the allegations contained in paragraph **128** of Plaintiffs' Complaint, Defendants admit only David Adams was arrested and was ultimately charged with offenses included resisting arrest.   Defendants affirmatively allege that on or about March 14, 2024, David Adams was found guilty of criminal assault and disorderly conduct.

12.     Defendants contend the following allegations contained in Plaintiffs' Complaint are legal conclusions, and not statements of fact, and therefore are subject to neither admission nor denial: **1, 5, 23, 24, 143, 156, 157, 158, 164, 165, 166, 167, 179, 193, 213, 244, and 266.**  To the extent the allegations are deemed factual, they are denied.  Notwithstanding the above responses, Defendants agree that the United States District Court for the District of Arizona has jurisdiction over the federal causes of action matter, may assert pendent jurisdiction over state law claims, and that venue is proper in the Prescott Precinct.  Notwithstanding the above responses, Defendants assert that the allegations in the Complaint are insufficient to pursue claims against fictitious defendants.

13.     Defendants hereby incorporate all responses herein as to the allegations contained in the following paragraphs of Plaintiffs' Complaint: **142, 155, 163, 192, 204, 208, 212, 222, 231, 240, and 258.**

14.     Defendants deny any and all factual allegations not expressly admitted to herein.

15.     Defendants demand trial by jury on all triable issues.

## **AFFIRMATIVE DEFENSES**

1.     Although not an affirmative defense, Defendants assert that Plaintiffs do not state claims upon which relief may be granted.

2.     Defendants assert failure to mitigate damages.

3.     Defendants assert offset or application of amounts received.

4.     Defendants assert statute of limitations as to any additional claims or related parties.

1
2
3
4
5
6

5.      Defendants assert entitlement to all immunities applicable under federal and state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified, including, but not necessarily limited to, those immunities afforded pursuant to state statutory and common law, decisional law of the state courts, and decisional law of the federal courts.

7
8
9

6.      Defendants assert Plaintiffs are wholly, comparatively, and/or contributorily at fault.

10
11

7.      Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault.

12
13
14

8.      Defendants assert they acted lawfully at all times, and that all alleged conduct was reasonable and legally justified under state statutory and decisional law.

15

9.      Defendants plead intervening and/or superseding causes.

16
17

10.      Plaintiffs lack standing to assert equitable, prospective, declaratory relief, or any relief of such kind, or that such relief is now moot.

18
19

11.      Defendants assert waiver, estoppel, and/or laches.

20
21

12.      Defendants assert Plaintiffs' claims are barred, in whole or part, by agreement or contract entered into by one or more Plaintiffs.

22
23
24
25

13.      Defendants assert Plaintiffs' inability to plead or prove the absence of probable cause.  Defendants further assert probable cause in fact, and probable cause as a matter of law based on David Adams' conviction.

26

14.     Defendants do not presently have specific facts in support of the remaining defenses, but wish to put Plaintiffs on notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, permissive joinder, failure of consideration, fraud, illegality, license, payment, release, issue preclusion, res judicata, other mandatory pre-litigation notices or processes, and statute of frauds.

WHEREFORE, Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiffs, and that Defendants be awarded all attorneys' fees, costs, and other forms of relief authorized by law or deemed just by this Court.

DATED this 28th day of October, 2024.

JELLISON LAW OFFICES, PLLC

By: s/ *James M. Jellison*
James M. Jellison, Esq.
*Attorney for Defendant Lake Havasu City, Chad T. Graybeal, Julio Flores, Joshua R. Condra, Clint Wilcox, Danielle Banuelos, Dana Peterson, Cameron Hollis, Aaron Phoenix and Preston Pearce*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 28, 2024, I electronically transmitted the attached document to the Clerk's office using the ECF filing system for filing and transmittal of a Notice of Electronic filing to the following registrants:

1  Robert T. Mills
   Sean A. Woods
2  Mills + Woods Law, PLLC
3  5055 North 12th Street
   Suite 101
4  Phoenix, AZ 85014

5

6  s/ *Valerie Hall*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26