Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Hezekiah Adams, an individual; Rebekah Adams, an individual; and, Noah Adams, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>City of Lake Havasu, a governmental entity; Chad T. Graybeal and Jane Doe Graybeal, a married couple; Julio Flores and Jane Doe Flores, a married couple; Joshua R. Condra and Jane Doe Condra, a married couple; Clint Wilcox and Jane Doe Wilcox, a married couple; Danielle Banuelos and John Doe Banuelos, a married couple; Corporal Dana Peterson and Jane Doe Peterson, a married couple; Cameron Hollis and Jane Doe Hollis, a married couple; Aaron Phoenix and Jane Doe Phoenix, a married couple; Preston Pearce and Jane Doe Pearce, a married couple, and; John and Jane Does I-X,<br><br>Defendants. | No.: CV-24-08112-PCT-MTL (ESW)<br><br>**RULE 26(F) JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable Michael T. Liburdi and referred to the Honorable Eileen S. Willett for all pretrial proceedings) |

Through counsel undersigned and pursuant to the Court's Order filed October 29, 2024 (Doc. 19), and the later Order resetting the Case Management Conference, Plaintiffs and Defendants hereby submit their Rule 26(f) Joint Case Management Report as follows:

///

1. **The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report**

Counsel for Plaintiffs Sean A. Woods and counsel for Defendants James Jellison attended the meeting and assisted in developing the Report.

2. **A list of all parties in the case, including any parent corporations or entities (for recusal purposes)**

David Hezekiah Adams, an individual; Rebekah Adams, an individual; and, Noah Adams, an individual are the Plaintiffs.

City of Lake Havasu, a governmental entity; Chad T. Graybeal and Jane Doe Graybeal, a married couple; Julio Flores and Jane Doe Flores, a married couple; Joshua R. Condra and Jane Doe Condra, a married couple; Clint Wilcox and Jane Doe Wilcox, a married couple; Danielle Banuelos and John Doe Banuelos, a married couple; Corporal Dana Peterson and Jane Doe Peterson, a married couple; Cameron Hollis and Jane Doe Hollis, a married couple; Aaron Phoenix and Jane Doe Phoenix, a married couple; Preston Pearce and Jane Doe Pearce, a married couple are the Defendants.

3. **Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared**

All parties have been served.

4. **A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings**

Plaintiffs at present do not expect to add additional parties or to further amend their pleadings, but reserve the right to do so as their investigation continues.

5. **The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction**

N/A

///

///

///

### 6. A description of the basis for the Court's subject matter jurisdiction …, citing specific jurisdictional statutes

Plaintiffs are citizens of Arizona, and Defendants are citizens of Arizona. Jurisdiction in this case is based upon 28 U.S.C. §1331 (federal question), as well as 42 U.S.C. 1983 (civil rights) under Federal law, 28 U.S.C. §1367(a), and Article 6, Section 14 of the Arizona Constitution. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### 7. A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense

**Plaintiff's Statement:**

This case arises out of the unlawful and wrongful use of excessive force by the Lake Havasu City Police Department through the City of Lake Havasu and the officers listed as defendants. On June 7, 2023, the Defendants responded to the Adams' apartment. The call was initiated after a sibling spat over a blanket. Defendants responded by using excessive force with no probable cause to do so. Defendants tased and punched David multiple times, forcefully grabbed and pushed Noah out the door, threatened Noah with excessive force and caused substantial bodily harm to David in front of and in the vicinity of his brother Noah and sister Rebekah. David was tased many times causing permanent injury. On June 7, 2024, Plaintiffs brought their complaint.

The Counts in Plaintiffs' Complaint include: Count I, excessive force in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983; Count II, duty and failure to intervene in violation of David's Fourth and Fourteenth Amendment rights and 42 U.S.C. § 1983; Count III, gross negligence; Count IV, intentional infliction of emotional distress to David; Count V, negligent infliction of emotional distress to Rebekah; Count VI, intentional infliction of emotional distress to Noah; Count VII, battery to David; Count VIII, battery to Noah; Count IX, excessive force in violation of Noah's Fourth and Fourteenth Amendment rights and U.S.C. § 1983, and; Count X, false arrest/imprisonment in violation of Noah's Fourth and Fourteenth Amendment rights and 42 U.S.C. § 1983.

**Defendants' Statement of the Case:**

On or about June 7, 2023, Plaintiff was involved in an incident that involved a 9-1-1 call for police and emergency response. Plaintiff David Adams had had a fight with his brother over a blanket, causing a tug-of-war and eventually forcing Plaintiff's brother to the ground. The brother, Zephaniah Adams, informed Police that David Adams was not a permanent resident of the family apartment, that David Adams had located Zephaniah out of the apartment even though Zephaniah was a permanent resident, and that Zephaniah wanted LHCPD to trespass and remove David Adams. When Police Officers arrived Plaintiff David Adams was noncompliant with the officers and was ultimately tased and arrested after engaging in violent resistance against several LHCPD Officers. He was charged with criminal offenses. Defendants deny any harm, constitutional, or tortious interaction with any of the family, including David, Rebekah, and/or Noah Adams.

Plaintiff's criminal charges were adjudicated from July/August 2023 to February 2024, with a finding that David Adams had committed the criminal offense of disorderly conduct involving conduct with this family members.

Defendants raised a number of defenses including the Plaintiffs' inability to meet the elements of the offenses, entitlement to all immunities applicable under federal and state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified, including, but not necessarily limited to, those immunities afforded pursuant to state statutory and common law, decisional law of the state courts, and decisional law of the federal courts; comparative fault and/or Plaintiffs' alleged injury causation; LHCPD personnel's lawful, reasonable, and justified conduct; Plaintiffs' lack standing to assert equitable, prospective, declaratory relief, or any relief of such kind, or that such relief is now moot; and Plaintiffs' inability to plead or prove the absence of probable cause. Defendants further assert probable cause in fact, and probable cause as a matter of law based on David Adams' conviction.

4

8. **A listing of contemplated motions and a statement of the issues to be decided by those motions**

At present Plaintiff is unaware of the motions it contemplates making in the future.

Defendants anticipate assessing the state of the evidence at the conclusion of discovery and evaluating the appropriateness of a motion pursuant to Rule 56.

9. **The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference**

Plaintiffs are not optimistic that a settlement can be easily reached. Prior to initiating this litigation, a Notice of Claim was served on Defendants, but no response was ever received. Though Plaintiffs are skeptical a settlement can be easily reached, they do not object to referral to a United States Magistrate Judge for a settlement conference. In all likelihood, however, a private third-party neutral mediation would be beneficial. Defendants agree that an early settlement conference with a magistrate judge would not likely be fruitful. Defendants agree to consider the possibility of a private, neutral mediation in the future once key discovery has occurred, but they are not in a position at this time to agree to one.

10. **The status of any related cases pending before this or other courts**

N/A

11. **A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced**

Plaintiffs plan to make their disclosures electronically via PDF documents and RAW files.

Defendants agree to make their disclosures with searchable PDF documents and/or hard copy documents.

This is not a case with complex ESI issues, therefore, an in-depth ESI protocol should not be required.

///

**12.  A discussion of any issues relating to claims of privilege or work product**

At present there are not yet any issues between the parties relating to claims of privilege or work product.

**13.  A discussion of necessary discovery**

Plaintiffs anticipate that they will seek discovery of many categories of evidence, most of which are currently in the possession of Defendants such as: video footage; personnel records; written or electronic communications including emails, messaging platforms, or otherwise; Defendants' policies and procedures relating to use of force, de-escalation, responding to a potential crime scene, and otherwise; deposition testimony; and, expert witness opinions and testimony. Such discovery is not overly burdensome and is certainly proportional to the needs of this case where Plaintiffs are bringing claims for violations of Constitutional rights of Plaintiffs.

As to the number of hours permitted for each deposition, Plaintiff proposes a limit of 7 hours per deposition.  Plaintiff further proposes that the total number of deposition hours for each side be limited to 60 hours.

Defendants anticipate discovery in all relevant areas including depositions of and written discovery requests directed at Plaintiffs, as well as all areas allowable under the Rules. Defendants do not believe at this time that this case warrants any deviation from the parameters of the discovery rules.  Defendants assert that most, if not all, relevant information concerning this law enforcement interaction at issue with Plaintiffs has previously been disclosed as part of a public records request, and in disclosures to Plaintiff David Adams during the course of his criminal prosecutions.  Defendants intend on seeking discovery of electronically stored information and/or relevant information from social media sites and have requested Plaintiffs' counsel ensure preservation of any relevant ESI.

///

///

14. **Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil trials should occur within 18 months of the filing of the complaint.**

   a. **A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all discovery must be completed**:

   **Plaintiffs** propose a deadline of November 14, 2025. Defendants agree to this deadline as the date by which all fact, lay, and expert discovery shall be completed.

   b. **Dates for full and complete expert disclosures and rebuttal expert disclosures, if any**

   **The Parties propose the following deadlines regarding expert disclosures**:

   Plaintiff to serve complete expert disclosures by July 11, 2025;

   Defendants to serve complete expert disclosures by August 29, 2025 and

   Parties to serve rebuttal expert disclosures by October 17, 2025.

   c. **A deadline for completion of all expert depositions**

   **The Parties** propose a deadline of November 14, 2025 for completion of expert depositions.

   d. **A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case**

   Defendants propose that any Rule 35 physical or mental examination will be noticed with sufficient time to be considered in anticipation of expert disclosure.

   e. **A deadline for filing dispositive motions**

   The **Parties** propose a deadline of January 9, 2026 to file dispositive motions.

   f. **Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing**

   N/A

///

///

7

    **g. A date by which the parties shall have engaged in face-to-face good faith settlement talks**

The **Parties** propose a deadline of May 15, 2025 to engage in settlement talks.

    **h. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons)**

The Parties have each requested a jury trial on all triable issues.

    **i. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1**

N/A

**15. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be helpful.**

The parties do not believe that holding a case management conference is needed prior to the Court issuing a scheduling order.

**RESPECTFULLY SUBMITTED** this 2nd day of December 2024.

                                    **MILLS + WOODS LAW, PLLC**

                                    By   */s/ Sean A. Woods*
                                           Robert T. Mills
                                           Sean A. Woods
                                           5055 North 12th Street, Suite 101
                                           Phoenix, AZ 85014
                                           *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorney for Defendants*

　　　*/s/ Ben Dangerfield*

9